**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WILLIAM MORALES<br>319 Lemon Street<br>Warminster, PA 18974 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff,<br>v. | : <br> : <br> : | No.: _____ |
| GWYNEDD MERCY ACADEMY<br>HIGH SCHOOL<br>1345 Sumneytown Pike<br>Lower Gwynedd, PA 19002 | : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : | |

**<u>CIVIL ACTION COMPLAINT</u>**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## I.  <u>INTRODUCTION</u>

1.     This action has been initiated by William Morales (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. §§ 201, *et. seq*.), the Pennsylvania Minimum Wage Act ("PMWA" – 43 P. S. §§ 333.101 *et. seq*.), and 42 U.S.C. § 1981. Plaintiff was not paid overtime compensation in accordance with state and federal laws, and he was unlawfully terminated from his employment for discriminatory and retaliatory reasons.

## II.  <u>JURISDICTION AND VENUE</u>

2.     This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because they arise under federal laws. There is supplemental and/or ancillary jurisdiction over Plaintiff's state-law claims asserted herein as they arise out of the same common nucleus of operative facts as his federal claims.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this State and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Gwynedd Mercy Academy High School ("Defendant") is a private, all-girls college-preparatory school located in Gwynedd Township, Pennsylvania.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant on or about May 11, 2024; and in total, Plaintiff was employed by Defendant for more than two (2) years (roughly 26 months).

11.     While employed by Defendant, Plaintiff's job title was that of "Facilities Manager." This was the title used by Defendant to identify Plaintiff's job position.

12.     Some of Plaintiff's relevant management included: (1) Kathleen St. Clair (hereinafter, "Clair"), the Director of Finance; and (2) indirectly Denise Marbach (hereinafter, "Marbach"), President.

### [A] Defendant failed to pay Plaintiff overtime compensation in violation of state and federal wage laws.

13.     In his job position, Plaintiff was paid a salary of approximately $83,500.00. Plaintiff was paid the same salary regardless of whether he worked 40 hours, 50 hours, or 60 hours per week (as examples). Stated differently, Plaintiff was never paid any financial remuneration for overtime compensation or at a rate of time and one half for hours worked over 40 hours per week.

14.     Plaintiff regularly worked overtime, and he generally worked 50-60 hours per week for Defendant (and sometimes more). **All** of Plaintiff's overtime work was uncompensated, which was unlawful (as explained *infra*).

15.     To the extent that Defendant would feign an "exemption," no such exemption could apply to Plaintiff, and he would have been in bad faith misclassified as an exempt employee of Defendant.[1]

16.     To take advantage of Plaintiff and avoid properly compensating him, Defendant did not in any manner track Plaintiff's actual work hours. Defendant did not properly try to track

---

[1] In a FLSA suit for unpaid overtime, the defendant employer bears the burden of proof to establish that an employee falls under an exemption. *Samson v. Apollo Res., Inc*., 242 F.3d 629, 636 (5th Cir. 2001).

Plaintiff's exact time (nor account for it in his payroll), violating state and federal record-keeping requirements.[2]

17.    Plaintiff was assigned the job title, as aforesaid, of "Facilities Manager." Plaintiff's job title (as ascribed by Defendant) lacks any relevance whatsoever under applicable law(s) as to determining exemption applicability.[3]

18.    State and federal laws do exempt employees who meet the "executive" exemption from overtime entitlements. To meet such an exemption, the employee must be: (a) paid qualifying salary; **and** (b) perform "primary duties" that are executive management in nature. *See* 29 C.F.R. 541.100. More specifically, "an exempt 'executive' is any employee:"

> (1) Compensated on a salary basis at a rate of not less than $455 per week
>    . . .
>
> *(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;*
>
> *(3) Who customarily and regularly directs the work of two or more other employees; and*

---

[2] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c).  **As a result, an employee's estimates of hours typically worked may be accepted.**  *See e.g. Zeng Liu v. Jen Chu Fashion Corp*., 2004 WL 33412, at *8 (S.D.N.Y. 2004). An employer cannot fail to follow laws only to later use such failure as a proverbial sword to question or challenge the employee's hours worked.

[3] *See* 29 C.F.R. § 541.2 Job titles insufficient: "**A job title alone is insufficient to establish the exempt status** of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary **and duties meet the requirements of the regulations in this part**." (Emphasis added). *See also Marshall v. Nat'l Freight, Inc*., 1979 WL 1977, at *10 (D.N.J. 1979)(explaining that although accounts payable supervisor had a complex and laborious job, he was non-exempt because the majority percentages of his daily duties involved processing transactions and document review pursuant to company guidelines); *Shultz v. A.E. Burgess Co*., 1970 WL 668, at *4 (N.D. Ala. 1970)(field office manager was non-exempt under FLSA because the majority of his time was spent on non-exempt duties); *Roberts v. Nat'l Autotech, Inc*., 192 F. Supp. 2d 672, 675 (N.D. Tex. 2002)(granting summary judgment to the plaintiff, a store manager, because the majority if his time was spent doing non-exempt types of job duties making the managerial or administrative exemptions inapplicable under the FLSA); *Oliva v. Infinite Energy Inc*., 2012 WL 11868265, at *8-9 (N.D. Fla. 2012)(granting summary judgment to delinquent account overseers because the majority of their job was calling upon debtors and collecting documents which are non-exempt duties, making that their "primary duty").

4

*(4) Who has the authority to hire or fire other employees . . .*

*See Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*), 2012 U.S. Dist. LEXIS 101095, at *66 (W.D. Pa. 2012), citing, 29 C.F.R. § 541.100(a).

19.    The undeniable reality is that Plaintiff was labeled a Facility Manager to – from an optics standpoint – give Plaintiff more perceived clout with third parties, students, families, contractors, vendors or outside contractors.

20.    In total, Plaintiff worked for Defendant for approximately twenty-six (26) months, or 2 years and 2 months. Plaintiff's role, job, and duties have consisted of the following during his period of employ with Defendant:

(a) For almost two (2) full years, Plaintiff was required to pick up students and to drive them to school. He did this between 6 AM – 8 AM (as they had to be at school by 8 AM). Plaintiff also had to drive students home after school. In total, Plaintiff averaged spending about 4 hours shuttling students to and from school each day. Plaintiff would then often return back to Defendant to finish projects, labor, and daily duties (post-student dropoffs in the late afternoon).

(b) Each and every day Plaintiff worked for Defendant, roughly 90% or more of his typical workday while (not driving students) in person at school, he was engaging in manual labor fixing AC units, heating issues, electric problems, cleaning, changing bulbs, hanging things, helping transport materials or items, engaging in physical setups, painting, fixing drywall, cleaning or maintaining the parking lot, picking up litter, removing trash in facilities, getting fields ready for students to play sports, and just about any other labor that could be possible in a school setting.

(c) When Plaintiff was not directly engaging in manual labor, repairs, renovations, or transport of materials, he was talking with contractors to coordinate his work and their work, coordinating his daily repairs or work in order of priority, and updating school personnel on work he handled or that needed to be finished (and getting new directives).

(d) Plaintiff had no say in interviewing or hiring anyone for Defendant. Plaintiff indeed never hired anyone at Defendant.

(e) Plaintiff did not formulate school policies or perform typical executive-type duties.

5

(f) Plaintiff had no authority to terminate anyone within Defendant, nor did he ever do so.

(g) Plaintiff did not supervise two (2) or more employees. Plaintiff was assigned *a helper* named Tom Clifford ("Clifford"). Clifford was employed to help with miscellaneous lifting, some projects, daily tasks Clifford could handle to alleviate Plaintiff's workload, and to be present if Plaintiff wasn't on premises. Tom has a variety of health problems, is over 65 years old, and has limited capabilities (and was generally unable to come early, work late, or to handle any on-call work). Clifford was a helper, and Plaintiff had no authority to give him pay increases (as any such decisions were made by Plaintiff's management).

(h) Plaintiff ceased having the approximate four (4) hours per day of driving responsibilities (before and after school) in early 2026 after Defendant finally decided to hire a part-time driver who worked about 25 hours per week (*and was non-exempt and paid hourly*). This person assumed the duties Plaintiff had as outlined *supra* during Plaintiff first approximate two (2) years of employment.

(i) Plaintiff was also used a shuttle driver for events, for students, to drive faculty or students to the airport or other locations, and for other reasons during his tenure.

21.    Plaintiff's primary duties **were not** that of an executive or management. And he certainly did not function even as a white-collar employee, let alone an executive. He spent nearly every day, all day driving students or performing various forms of labor. The limited additional time in a workday was merely obtaining supplies or communicating about his labor.

22.    Plaintiff was continually on call, showed up for emergencies, worked early, worked late, and handled major projects necessitating in some weeks that he works over a 60-hour workweek (even though he averaged 50–60-hour workweeks during his tenure).

23.    In cases where employees (other than Plaintiff) had far more (or actual) supervisory duties, courts have rejected (untenable) assertions of exempt status. *See e.g. Coleman v. Morris-Shea Bridge Co.*, 2020 U.S. Dist. LEXIS 219046, at \*29 (N.D. Ala. 2020)(although the defendant labeled the plaintiff a "superintendent" or "foreman," summary

6

judgment was denied because evidence reflected the majority of the plaintiff's work was labor-related, not management); *Peperissa v. Coren-Indik, Inc.*, 298 F. Supp. 34, 38 (E.D. Pa. 1969)(granting judgment under FLSA to the plaintiff because the plaintiff functioned as a working foreman, a non-exempt role, wherein most of his work was that of labor or construction with very limited managerial duties); *Grass v. Damar Servs.*, 2014 U.S. Dist. LEXIS 83414, at *40 (S.D. Ind. 2014)(denying summary judgment to defendant, as employee titled "maintenance director" appeared to perform the majority of duties doing non-management technical work).[4]

24.     Plaintiff was misclassified (as exempt), not paid overtime compensation as legally mandated, Defendants failed to account for or track Plaintiff's actual work hours, and Plaintiff is owed over $200,000.00 for violations of the FLSA / PMWA in unpaid overtime compensation and penalties (in addition to costs and legal fees). As a matter of fact, and law, Defendant is unable to set forth any contrary facts that Plaintiff could plausibly be construed to meet an "executive exemption" under state or federal laws.[5]

25.     Plaintiff should have been paid $60.00 per hour for each and every overtime hour he worked. Assuming Plaintiff averaged 15 hours of overtime per week (as a conservative

---

[4] *See also e.g. Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1269 (11th Cir. 2008)(affirming $35,000,000 verdict against the defendant because a class of store managers performed primary duties of non-management including stocking, cashier work, etc…); *Hickton v. Enter. Rent-A-Car Co.* (*In re Enter. Rent-A-Car Wage & Hour Empl. Practices Litig.*), 2012 U.S. Dist. LEXIS 136252 (W.D. Pa. 2012)(denying summary judgment and explaining a jury could readily conclude employee titled "manager" who performed mostly sales and other labor had "primary duties" other than management); *Marshall v. Coastal Group Management*, 1980 U.S. Dist. LEXIS 11704 (D.N.J. 1980)(reaffirming the denial of summary judgment as to managers explaining they spent most of their time prepping food, cooking, handling customers, working the cash register and cleaning finding assertions of the "executive exemption" to be "untenable").

[5] The FLSA exempts from its overtime provisions "any 'employee in a **bona fide** executive . . . capacity.'" *Soehnle v. Hess Corp.,* 399 F. App'x 749, 750 n.1 (3d Cir. 2010)(quoting 29 U.S.C. § 213(a)(1)). In light of the broad remedial purpose of the FLSA, exemptions **are narrowly construed** against the employer. *Madison v. Resources for Human Dev., Inc.*, 233 F.3d 175, 183 (3d Cir. 2000). Plaintiff could not qualify as an executive under any national jurisprudence interpreting the FLSA, particularly in light of such exemptions being so narrowly construed against employers.

illustration), Plaintiff was not paid $900 per week in violation of the FLSA and PMWA. In total, Plaintiff would be owed $**102,600.00** ($60.00 per hour x 15 hours of overtime x 114 weeks of employment). Again, such an estimate of unpaid overtime herein is conservative for illustrative purposes only (of the substantial exploitation of Plaintiff).

26.     Plaintiff was not paid in excess of $102,600.00 in unpaid overtime compensation. Plaintiff should be entitled "automatically" to twice this sum as liquidated damages, as required by relevant jurisprudence.[6] Thus, in unpaid overtime compensation, Plaintiff is owed **no less than $205,000.00**, plus legal fees, costs, and interest (as statutorily mandated).

## [B] Plaintiff was discriminatorily and retaliatorily terminated by Defendant.

27.     Plaintiff complained that he was not being paid fairly, he is "not getting paid overtime," and he believed he was owed a lot of money to Defendant's management.

28.     Plaintiff estimates making compensation complaints to Defendant's management approximate 7 – 8 times *in his last 6 – 10 months* of employment wherein he expressly

---

[6] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.,* 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County,* 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp*., 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

8

mentioned "overtime." Plaintiff was complaining that for almost two years he had to drive students, be continually on call, and work 10-25 hours of overtime per week and that he was led to believe he would get additional compensation. It never happened, and Plaintiff was seeking redress.

29.     Plaintiff was very frustrated. In response to unpaid overtime and extra compensation concerns lodged by Plaintiff, Plaintiff was being told (by his management) things like "well since you got to take the company vehicle home, that was your compensation," "additional pay for you is not in our budget," "you should be lucky to have a job," and other non-empathetic responses. Plaintiff would give polite pushback that even if he took the company vehicle home, he never used it for personal use and got no benefit (as it was a mere necessity since he had to shuttle students).

30.     Plaintiff's concerns of not being paid proper compensation for all of his work wherein he was expressly mentioning not getting paid "overtime" was statutorily protected conduct. *See e.g. Greathouse v. JHS Sec. Inc*., 784 F.3d 105, 107 (2d Cir. 2015)(any oral or written concern to an employer about overtime compensation is legally-protected activity under the statute), citing, *Kasten v. Saint-Gobain Performance Plastics Corp*., 563 U.S. 1 (2011).

31.     Plaintiff is a Hispanic male with health problems (and disabilities), including but not limited to significant heart problems.

32.     An employee of Defendant is Sister Bernadette Duross, RSM ("Sister Duross"). Sister Duross is an administrator who serves as Director of Mission Integration. She is a Caucasian female.

33.     Sister Duross has temper problems and engages in abusive behavior(s). In or about the November or December 2025 timeframe, she screamed at Plaintiff and used profanity

9

towards him. She also engaged in other impropriety towards Plaintiff. Sister Duross has become known for such misbehavior, which is of course very concerning. But what's more concerning is Defendant's perpetuation and ratification of such misconduct by her.

34. Plaintiff was informed that even though he did nothing wrong, he needed to apologize to Sister Duross. Plaintiff responded to his management explaining he felt he is Hispanic, others were not, he felt she had a problem with that and treated him horribly, and he asked why as a Hispanic person he had to apologize for getting cursed at? Plaintiff further explained he felt it was *because he was Hispanic the school was making him apologize for doing nothing wrong to a white woman*.

35. In response to Plaintiff's clear racial concerns and racial complaint (in the December 2025 timeframe), Plaintiff was told there is nothing Sister Duross can do wrong as she is a Sister of Mercy and a holy woman. Plaintiff was told that if she was mad, he must apologize, period. Plaintiff reiterated he did nothing wrong, was embarrassed, cursed at, and he could not apologize as he couldn't help but feel he was still being treated this way because he is Hispanic (including making him apologize for being abused).

36. Plaintiff was informed as he didn't apologize to Sister Duross, he was being placed on probation for about 3 months until early March of 2026. Plaintiff felt the probation penalty was given to him because he was expressing overtime concerns and he had raised racial inequities (and become vocal in advocating for legal inequities).

37. Plaintiff was subjected to heightened scrutiny during the first half of 2026, continually questioned about various aspects of his job or duties, and management had taken a somewhat rude tone in many conversations with him leading up to his termination. Plaintiff had even been admonished for taking photos of students per their request claiming he did so in a

10

restricted area. Plaintiff explained to such management upon receipt of the discipline he felt it was retaliatory and unjustified.

38.     Between January to July of 2026, Plaintiff was discussing the possibility of getting help, lessening his workload, or having someone always available to assist him lift heavy equipment or materials. While Plaintiff had ceased driving students in the January – February 2026 timeframe (to and from school), Plaintiff's workload exponentially increased when Defendant greatly expanded its school with an addition (in the same timeframe). There were constant problems and additional work due to the expansion. Plaintiff's overtime hours just went to a different need of Defendant.

39.     During Plaintiff's last approximate six (6) months of employment, he was telling his management that he head heart problems, severe anxiety, and reminded such management of his serious health problems and medical episodes while inquiring about help, hiring, staffing, and the workload.[7]

40.     On or about July 20, 2026, Plaintiff was informed he was terminated by Defendant's management and Donna Tschoepe ("Tschoepe" – HR Leader). He was given a barrage of pretextual excuses for his termination such as how he handled purchases and for being late on a prior date - - along with some other generalized statements.

41.     Plaintiff was not given an opportunity to respond, rebut, or even discuss the purported reasons for his termination from employment. Such reasons were nothing short of a pretext to get rid of Plaintiff for discriminatory and retaliatory reasons.

---

[7] Plaintiff is contemporaneously filing a Charge with the Equal Employment Opportunity Commission ("EEOC") relative to his ADA and PHRA claims for discrimination and retaliation for his health problems. While referenced herein for full context, such legal claims are omitted in the Count Section of this Complaint until such time as Plaintiff will move for amendment from EEOC administrative exhaustion and receipt of a right-to-sue letter.

**Count I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**

42.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

43.     Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute violations of the Fair Labor Standards Act ("FLSA").

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Compensation)**

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     Plaintiff was not properly paid for all owed overtime as explained s*upra*. And such actions constitute violations of the PMWA.

**Count III**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Retaliation)**

46.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47.     Plaintiff's termination from employment for FLSA-protected concerns or complaints constitutes unlawful retaliation in violation of the FLSA.

**Count IV**
**Violations of 42 U.S.C. § 1981**
**(Retaliation)**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12

49.    Plaintiff's termination from employment because he raised concerns that he was mistreated because of his race and being Hispanic constitutes unlawful retaliation in violation of 42 U.S.C. § 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting overtime, wage, and other employment-law violations;

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's wrongful actions, including but not limited to all owed wages, overtime, past and future lost earnings, benefits, pension or other employee perks, and other applicable compensation;

C.    Plaintiff is to be awarded actual damages to which he is equitably or legally entitled beyond those already specified herein;

D.    Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable laws;

E.    Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.    Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.    Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: August 13, 2026

14

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| William Morales | : | CIVIL ACTION |
| v. | : | |
| Gwynedd Mercy Academy High School | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                              (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                       (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (x )

| | | |
|---|---|---|
| 8/13/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:  Defendants place of business

---

***RELATED CASE IF ANY:***  Case Number:_____  Judge:_____

1.  Does this case involve property included in an earlier numbered suit?                                    Yes ☐

2.  Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3.  Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4.  Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5.  Is this case related to an earlier numbered suit even though none of the above categories apply?          Yes ☐
    If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.**  ***Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Wage and Hour Class Action/Collective Action
- ☐ 6.  Patent
- ☐ 7.  Copyright/Trademark
- ☐ 8.  Employment
- ☐ 9.  Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.**  ***Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*:_____
- ☐ 7.  Products Liability
- ☐ 8.  All Other Diversity Cases:  *(Please specify)*_____
     _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒  Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐  None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MORALES, WILLIAM | GWYNEDD MERCY ACADEMY HIGH SCHOOL |

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent – Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | **LABOR** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 751 Family and Medical Leave Act | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 790 Other Labor Litigation | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 791 Employee Retirement Income Security Act | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **SOCIAL SECURITY** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 861 HIA (1395ff) | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 862 Black Lung (923) | |
| | | [ ] 550 Civil Rights | [ ] 863 DIWC/DIWW (405(g)) | |
| | | [ ] 555 Prison Condition | [ ] 864 SSID Title XVI | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | [ ] 865 RSI (405(g)) | |
| | | | **FEDERAL TAX SUITS** | |
| | | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981); FLSA (29USC201)
Brief description of cause:
Violations of Section 1981, FLSA and the PMWA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  8/13/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____